USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-12-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHELE MALANGA,

         Plaintiff,

    -against-

NYU LANGONE MED. CTR., *et al.*,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

14cv9681

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

      Plaintiff Michele Malanga brings six claims against her former employers, NYU Langone Medical Center and School of Medicine and NYU Hospitals Center (together, "NYU"), and her former supervisor Silvia Formenti: (1) retaliation in violation of the False Claims Act ("FCA") against NYU; (2) violation of New York Labor Law ("NYLL") § 741 against NYU; (3) sexual orientation discrimination under New York State Human Rights Law ("NYSHRL") § 292 against all defendants; (4) sexual orientation discrimination under New York City Human Rights Law ("NYCHRL") § 8-102 against all defendants, (5) aiding and abetting sexual orientation discrimination under NYSHRL § 296 against Formenti; and (6) aiding and abetting sexual orientation discrimination under NYCHRL § 8-107 against Formenti. Defendants move to dismiss Malanga's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

      The following facts are gleaned from the Amended Complaint, and assumed to be true for purposes of this motion. Malanga identifies as a homosexual. In June 2011, Formenti hired her to serve as the Director of Research for the Department of Radiation Oncology. In 2013,

Malanga discovered that NYU employees were unlawfully billing tests performed on blood specimens to the federal government, overcharging federal grants for patient clinic visits, and paying for the salary of a post-doctorate employee out of an unrelated federal grant. Plaintiff initiated her own investigation into these practices and informed Formenti and other NYU employees about her efforts. Formenti told Malanga to "stay out of it" and ordered her to cease her investigative work. Thereafter, another NYU employee, Fenton-Kerimian, made false complaints about Malanga to NYU's human resources department, which Formenti corroborated in retaliation for Malanga's continued efforts to investigate.

In September 2013, Malanga discovered that Fenton-Kerimian was violating study protocols by failing to follow up with 300 patients, at least one of whom died. Malanga instructed a coworker (and friend of Formenti) to report that death to the Department of Defense. When that death was not reported, Malanga reported the death herself, resulting in the suspension of the study.

Thereafter, Formenti made comments to Malanga regarding her sexuality. For example, Formenti called her "butch" and "made loud grunting noises" at her. And back in 2011, another NYU employee inappropriately touched her and asked questions about her sexuality. NYU terminated Malanga in October 2013.

Defendants argue that Malanga was terminated because of her poor professional performance and multiple co-worker complaints, including complaints of racial and religious discrimination (e.g., Malanga was accused of denigrating co-workers who participated in Ash Wednesday and calling a subordinate a "ghetto baby" with a "black attitude"). (Defendants Br. at 3.) Defendants also maintain that Malanga altered laboratory documents without authorization.

2

## DISCUSSION

I. **Legal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts follow a "two-pronged approach" in determining plausibility. Iqbal, 556 U.S. at 679. "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal punctuation omitted). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679, 129 S. Ct. 1937). On a motion to dismiss, courts may consider "facts stated on the face of the complaint, in the documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

II. **FCA Retaliation**

Defendants argue that Plaintiff's FCA claim should be dismissed because: (1) she fails to state a claim; (2) it is precluded by Malanga's NYLL § 741 claim; and (3) legitimate business reasons warranted Plaintiff's termination.

A. Failure to Plead an FCA Retaliation Claim

Under the FCA's whistleblower protections, as amended by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), "[a]ny employee . . . shall be entitled to all relief necessary to

3

make that employee . . . whole, if that employee . . . is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee . . . in furtherance of an action under [the FCA] or other efforts to stop 1 or more [FCA] violations . . . ." 31 U.S.C. § 3730(h).  Accordingly, "the FCA protects two kind of conduct: (1) lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under the FCA, and (2) other efforts to stop one or more violations of the FCA."  Weslowski v. Zugibe, 14 F. Supp. 3d 295, 310 (S.D.N.Y. 2014) (internal quotations and citation omitted).  See also Halasa v. ITT Educ. Servs., Inc., 690 F.3d 844, 847–48 (7th Cir. 2012) ("In 2009, Congress amended the statute to protect employees from being fired for undertaking 'other efforts to stop' violations of the Act, such as reporting suspected misconduct to internal supervisors.").[1]

        Malanga claims she was harassed and ultimately terminated because she attempted to stop NYU's false and improper billings to the federal government.  While these allegations would seem to place her claims squarely within the FCA's whistleblower protections, NYU argues that Malanga is subject to more stringent pleading standards because she was a "fraud alert" employee whose job duties required her to address the very billing problems she raised during the course of her employment.

        Certain courts have held employees whose jobs require investigating fraud against the government to higher pleading standards.  See, e.g., U.S. ex rel Ramseyer v. Century Healthcare

---

[1] The FCA imposes liability for a defendant who (a) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval"; (b) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or (c) "conspires to commit a violation of another subsection of the FCA." 31 U.S.C. §§ 3729(a)(1)(A)-(C).

4

Corp., 90 F.3d 1514, 1523 n.7 (11th Cir. 1996) ("[A]n individual whose job entails the investigation of fraud . . . must make clear their intentions of bringing or assisting in an FCA action in order to overcome the presumption that they are merely acting in accordance with their employment obligations."). However, it is doubtful that those heightened pleading standards survive FERA, which was enacted "to counter perceived judicial interpretations of the protected activity prong . . . ." Layman v. MET Labs., Inc., No. 12-cv-2860, 2013 WL 2237689, at *7 (D. Md. May 20, 2013). Those decisions establishing a higher pleading standard for fraud alert employees were concerned with ensuring that the employer was on notice of an employee's "intentions of bringing or assisting in an FCA action." Ramseyer, 90 F.3d at 1514 n.7. Under FERA, a retaliation claim can be stated so long as the employee was engaged in efforts to stop an FCA violation, even if the employee's actions were not necessarily in furtherance of an FCA claim. See 31 U.S.C. § 3730(h). Moreover, even if a heightened pleading standard for so-called fraud alert employees exists, Malanga alleges that as a "Director of Research," "Defendants' billing practices were outside the scope of Plaintiff's job duties." (Am. Compl. ¶¶ 29, 35.) Accepting her allegation as true, this Court cannot determine whether Malanga qualified as a "fraud alert" employee on this motion. Accordingly, Malanga has adequately pled an FCA retaliation claim.

### B. Waiver Under § 741's Election of Remedies Clause

NYU argues that Plaintiff's NYLL § 741 claim precludes Plaintiff's FCA claim. NYLL § 741 prohibits "retaliatory action against any employee" who "(a) discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care; or (b) objects to, or refuses to participate in any activity, policy or practice of the employer or agent

5

that the employee, in good faith, reasonably believes constitutes improper quality of patient care." NYLL § 740(7) provides that "the institution of an action in accordance with [§ 741] shall be deemed a waiver of the rights and remedies available under any . . . law, rule or regulation or under the common law."

NYU's waiver argument is unavailing. The Supremacy Clause of the United States Constitution establishes that federal law "shall be the supreme Law of the Land . . . any Thing in the . . . Laws of any State to the Contrary notwithstanding." U.S. CONST. Art. VI, cl. 2. Reading NYLL § 740(7) to waive a litigants' rights under federal law is seemingly incongruous with that clause. See Hettler v. Entergy Enterprises, Inc., 15 F. Supp. 3d 447, 452 (S.D.N.Y. 2014) ("reading Section 740(7) to displace federal claims would raise serious constitutional questions, and courts must construe the statute to avoid raising such questions."). See also Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 134 (2d Cir. 2007) (noting that numerous "federal courts have interpreted the provision not to waive or otherwise affect rights arising under federal law."). Accordingly, this Court declines to read NYLL § 740(7) as precluding Plaintiff's FCA claim.

    C. <u>Documentary Evidence Regarding Other Reasons for Malanga's Termination</u>

NYU offers documentary evidence regarding Malanga's "alteration of medical records, her failure to get along with co-workers, and offensive conduct," arguing that these "legitimate reason[s] for termination" sever the nexus between plaintiff's termination and her alleged whistleblowing. (Defendants' Br. at 8.) Specifically, Defendants submit performance evaluations from 2012 and a September 2013 report summarizing an investigation into Malanga's behavior. However, consideration of these arguments and documents is inappropriate on a motion to dismiss.

III. <u>NYLL § 741</u>

Defendants argue that Malanga was an administrative employee, not a healthcare provider entitled to protection under NYLL § 741. NYLL § 741 defines "employee" as "any person who performs health care services for and under the control and direction of any public or private employer which provides health care services for wages or other remuneration." The New York Court of Appeals construes this provision narrowly "to protect professional judgments regarding the quality of patient care." <u>Reddington v. Staten Island Univ. Hosp.</u>, 893 N.E.2d 120, 128 (2008). It does not apply to "an individual who does not render medical treatment." <u>Reddington v. Staten Island Univ. Hosp.</u>, 543 F.3d 91, 93 (2d Cir. 2008).

Malanga counters that the Amended Complaint alleges that her job required direct supervision of the care of patients. However, she points only to a few conclusory allegations. (Am. Compl. ¶¶ 86–90.) The Amended Complaint does not plausibly allege that Malanga actually rendered medical treatment. Accordingly, her NYLL § 741 claim is dismissed. <u>See Reddington</u>, 543 F.3d at 93 (dismissing § 741 claim based on allegations that plaintiff "coordinated and developed" treatment for patients); <u>Moynihan v. New York City Health & Hospitals Corp.</u>, 120 A.D.3d 1029, 1032 (1st Dep't 2014) (dismissing claims of a plaintiff who served in a position analogous to Malanga's).

IV. **Sexual Orientation Discrimination Claims**

Plaintiff asserts that she was subjected to sexual orientation discrimination under the NYSHRL and the NYCHRL. Specifically, Malanga asserts that Formenti "routinely" made insulting comments regarding her sexuality, and that another NYU employee touched her in 2011 and asked questions that made her uncomfortable. (Am. Compl. ¶¶ 132-54.) Malanga asserts that

7

this created a hostile work environment, and that Formenti aided and abetted NYU's discriminatory conduct.

A. Sufficiency of the Allegations

To state a hostile work environment claim under NYSHRL, "a plaintiff must show that 'the complained of conduct (1) is objectively severe or pervasive [i.e.] creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [membership in a protected category].'" Morris v. Temco Serv. Indus., Inc., No. 09-cv-6194, 2011 WL 6761075, at *3 (S.D.N.Y. Dec. 13, 2011) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)). As a general rule, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted).

The Amended Complaint fails to plead an NYSHRL claim because Plaintiff does not allege that the discrimination was severe or pervasive enough to create an objectively hostile or abusive work environment. See Chukwueze v. NYCERS, 891 F. Supp. 2d 443, 454 (S.D.N.Y. 2012) (rejecting "conclusory statements about ongoing abuse" and finding that "episodic instances of mere offensive utterances . . . are neither severe nor pervasive enough to alter the conditions of his work environment") (internal citation and quotation omitted). And at oral argument, Malanga's counsel offered to withdraw the NYSHRL claim to simplify the case. (Sept. 10, 2015 Hearing Tr. at 11:24-12:1.)

However, the NYCHRL is broader than the NYSHRL. It must "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of

whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title have been so construed." Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85. "To state a hostile work environment claim under the NYCHRL, Plaintiff need not allege that Defendants' conduct was severe or pervasive, and need only show differential treatment—that she is treated less well—because of a discriminatory intent." Vaigasi v. Solow Mgmt. Corp., No. 11-cv-5088, 2014 WL 1259616, at *11 (S.D.N.Y. Mar. 24, 2014). Under this minimal standard, Plaintiff has alleged a hostile work environment claim under NYCHRL.[2]

### A. Aiding and Abetting Claims Against Formenti

Under the NYCHRL, it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" by the law. N.Y.C. Admin. Code § 8–107(6). Defendants argue that Formenti, as the primary discriminatory actor, cannot be liable for "aiding and abetting" her own illegal actions. Malanga responds that Formenti aided and abetted NYU's discrimination. But "[a]s [Formenti's] alleged actions give rise to the discrimination claim, [Formenti] cannot be held liable for aiding and abetting." Raneri v. McCarey, 712 F. Supp. 2d 271, 282 (S.D.N.Y. 2010) ("An individual cannot aid and abet his own alleged discriminatory

---

[2] NYCHRL claims "are subject to a three-year statute of limitations." Hagan v. City of N.Y., 39 F. Supp. 3d 481, 496 n.10 (S.D.N.Y. 2014). Defendants therefore argue that Plaintiff's allegation of a July 2011 incident in which Dr. Magnolfi-Bozzi "initiated unwanted physical contact" by "inappropriately touching Plaintiff and kissing her" (Am. Compl. ¶ 147) should be dismissed as time-barred. Plaintiff counters that the 2011 incident is part of a continuing violation when read in conjunction with allegations that Formenti failed to investigate them. "A hostile work environment encompasses a series of related acts which may not be actionable standing alone and therefore constitutes a continuing violation. If a plaintiff establishes that one contributing act occurred within the applicable limitations period, all acts contributing to that violation may be timely challenged in the plaintiff's discrimination claim, even those occurring outside of the statutory period." Fleming v. Verizon New York, Inc., 419 F. Supp. 2d 455, 465 (S.D.N.Y. 2005) (internal citation omitted). Reading the Amended Complaint in a light most favorable to Plaintiff, this Court finds that the 2011 actions were arguably part of a continuing violation under the NYCHRL. Defendants are not precluded from raising this argument again at summary judgment.

9

conduct" where one individual's "alleged actions give rise to the discrimination claim."). See also Hicks v. IBM, 44 F. Supp. 2d 593, 600 (S.D.N.Y. 1999) ("the primary actor cannot be an aider and abettor of his own actions.").[3] Accordingly, Plaintiff's aiding and abetting claims are dismissed.

---

[3] Some courts have held that the Second Circuit's decision in Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) permits a primary discriminator to be held individually liable in aiding and abetting their employer. See, e.g., Herling v. New York City Dep't of Educ., No. 13-cv-5287, 2014 WL 1621966, at *12 (E.D.N.Y. Apr. 23, 2014) ("Although the soundness of this holding has been questioned, until the Second Circuit revisits the issue, Tomka is the law in this circuit. Accordingly, a defendant may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability.") (citation and internal quotations omitted). But in Tomka, unlike here, there were multiple individual defendants alleged to have been engaged in direct, related discriminatory acts against the plaintiff. See Tomka, 66 F.3d at 1317 ("Tomka has alleged that each of the [three] individual defendants assaulted her and thereby created a hostile working environment."). Accordingly, it is reasonable to surmise that "the rationale behind the [Second Circuit's] decision was that each of the three individual defendants were aiding and abetting their fellow defendants' violations. If this is true, individuals may not be liable under Tomka for aiding and abetting their own violations of the HRL." Perks v. Town of Huntington, 96 F. Supp. 2d 222, 228 (E.D.N.Y. 2000); Caravantes v. 53rd St. Partners, LLC, No. 09-cv-7821, 2012 WL 3631276, at *21 (S.D.N.Y. Aug. 23, 2012) ("Unlike in Tomka, where three co-workers allegedly aided and abetted each other in the harassment, here [defendant] acted alone with respect to his harassment of [plaintiff]. Under these circumstances, Courts have been reluctant to impose individual liability for aiding and abetting under the NYSHRL or NYCHRL.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted with respect to Plaintiff's New York Labor Law, New York State Human Rights Law, and aiding and abetting claims (claims 2, 3, 5, and 6) and denied with respect to Malanga's False Claims Act and New York City Human Rights Law claims. The Clerk of Court is directed to terminate the motion pending at ECF No. 18. The docket should also be updated to reflect that Maria Fenton-Kerimian is no longer named as a defendant in this action.

Dated: November 12, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III

*Counsel of Record:*

Todd Jamie Krakower
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
*Counsel for Plaintiff*

William Fuger Cusack, III
Wilson Elser Moskowitz Edelman & Dicker LLP
200 Campus Drive
Florham Park, NJ 07932
*Counsel for Defendants*