UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHELE MALANGA,                              :

               Plaintiff,             :

                                    14cv9681

          -against-                    :

NYU LANGONE MED. CTR., *et al.*,     :          <u>OPINION & ORDER</u>

              Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

          Defendants NYU Langone Medical Center and School of Medicine, NYU

Hospitals Center, and Silvia Formenti, M.D. (the "Defendants") seek to quash a non-party

subpoena dated October 28, 2016 (the "Subpoena") issued to Weill Cornell Medicine Radiation

Oncology ("Cornell").  The Subpoena seeks complaints by Cornell employees against Dr.

Formenti alleging discrimination, harassment, ethical violations, billing violations, or retaliation.

(<u>See</u> ECF No. 52-1.)

          Defendants claim that the Subpoena should be quashed because it is "deficient on

multiple levels," namely that "[w]hether any [sic] Dr. Formenti received any complaints against

her during her employment at Cornell has no bearing on whether [P]laintiff was retaliated or

discriminated against during her employment at NYU."  (Memo. of Law in Support of

Defendants' Motion to Quash Plaintiff's Non-Party Subpoena ("Mot.") at 1.)  Plaintiff counters

that "the records Plaintiff seeks from Cornell are relevant," and in any event, Defendants lack

standing to "contest a subpoena issued to a non-party."[1]  (Plaintiff's Memo. in Opposition to

Defendants' Motion to Quash ("Opp.") at 2–3.)

DISCUSSION

As an initial matter, the Subpoena seeks information that, while confidential, is

neither privileged nor subject to any statutory protections (e.g., HIPAA).  The scope of the

Subpoena's sole request is quite narrow—employee complaints against Dr. Silvia Formenti in

connection with her employment at Cornell, her current employer.  The risk that Dr. Formenti's

personal identifiable information or any other sensitive information will be disclosed under the

Subpoena is minimal.  And because of the subpoena's limited scope, Cornell likely will not bear

a substantial burden in complying.

But the critical issue is whether the Subpoena seeks information that is relevant to

the claims or defenses in this action.  The decision to quash a subpoena is committed to the

sound discretion of the trial court.  Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011).

The reach of a subpoena is "tempered by the relevancy standard outlined [] in Rule 26(b)(1)" of

the Federal Rules of Civil Procedure.  Palumbo v. Shulman, No. 97-cv-4314 (JGK), 1998 WL

635534, at *2 (S.D.N.Y. Sept. 16, 1998).  The burden of demonstrating relevance is borne by the

party seeking discovery.  Quotron Sys., Inc. v. Automatic Data Processing, Inc., 141 F.R.D. 37,

41 (S.D.N.Y. 1992).  But with respect to the actual motion to quash, the burden of persuasion

falls on the movant.  Sea Tow Int'l v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y. 2007).

---

[1]     Plaintiff contends that "Defendants have no standing to assert arguments based upon relevancy, undue burden or alleged broadness on behalf of Dr. Formenti" (Opp. at 3) because she was dismissed from the case in connection with this Court's order dated November 12, 2015, dismissing several claims from the Amended Complaint.  (ECF No. 30.)  But Dr. Formenti is still a defendant in connection with one of the two remaining claims in this action—sexual orientation discrimination in violation of the New York City Human Rights Law.  (See Am. Compl. ¶¶ 206–16.)

Rule 26 of the Federal Rules of Civil Procedure provides that discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under the Rule, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14-cv-9792 (WHP), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (citing Fed. R. Civ. P. 26()(1) Advisory Committee's Notes to 2015 Amendments). However, the Rule is also designed "to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Walker v. H&M Henner &Marutiz, L.P., No. 16-cv-3818, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016) (citations omitted).

Here, the Subpoena seeks information that is irrelevant to "any party's claim or defense" in this action. Plaintiff offers no more than a conclusory assertion that the Subpoena "only seek[s] complaints made against Dr. Formenti that parallel complaints those Defendants were already Ordered to produce regarding Dr. Formenti's employment with Defendants." (Opp. at 6–7.) More specifically, Plaintiff attempts to connect the allegations in this action—that "Dr. Formenti harassed and discriminated against Plaintiff, and retaliated against Plaintiff for engaging in a protected activity" (Opp. at 6)—with certain allegations made by "one or more employees of Weill Cornell Medical College" who indicated "that issues similar to those alleged in Plaintiff's Complaint may be occurring with Dr. Formenti at Weill Cornell Medical College." (Opp. at 4.) But Plaintiff is not an employee at Cornell, and none of the supposed Cornell

employees who have made such allegations are parties to this action.  Dr. Formenti's alleged

conduct at another place of employment, no matter how similar, bears no relevance to the

<u>Plaintiff's</u> claims against Dr. Formenti, or the Defendants' defenses, in her former capacity at

NYU.  The use or admission of any such evidence would only result in a mini-trial and deflect

the fact-finder's attention from the relevant facts.

<u>CONCLUSION</u>

Accordingly, Defendants' motion to quash is granted.  The Clerk of Court is

directed to terminate the motion pending at ECF No. 51.

Dated: December 29, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

4