**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

| | |
|---|---|
| MICHELE MALANGA, | |
| **Plaintiff,** | **Docket No.:** |
| - against – | **14-cv-9681 (WHP)** |
| | |
| NEW YORK UNIVERSITY, | **JOINT PRETRIAL ORDER** |
| **Defendants.** | |

------------------------------------------------------------X

The parties, plaintiff MICHELLE MALANGA ("Plaintiff"), by her attorneys, KRAKOWER

DICHIARA LLC, and defendant NEW YORK UNIVERSITY ("NYU"), by its attorneys,

WILSON, ELSER, MOSKOWITZ, EDELMAN and DICKER LLP, as for their Joint Pretrial Order

set forth as follows:

## I.      The full caption of the action

The full caption of the case (the "Action") is set forth above.

## II.      The names, addresses (including firm names), and telephone and fax numbers of trial counsel

**For Plaintiff:**

Todd Krakower
Michael DiChiara
Erika Minerowicz
Krakower DiChiara LLC
77 Market St, Suite 2
Park Ridge, NJ 07656
Ph: (201) 746-6334
Fx: (347) 765-1600

Phillip Pizzuto
40 Meeker Rd
Basking Ridge, NJ 07920
Ph: (917) 747-5000
Fx: (347) 765-1600

**For Defendant NYU:**

Ricki E. Roer
Irving B. Hirsch
William F. Cusack
Justin A. Guilfoyle
Wilson, Elser, Moskowitz, Edelman and Dicker, LLP
150 East 42nd Street
New York, NY 10017
Ph: (212) 490-3000
Fx: (212) 490-3038

**III.** **A brief statement by Plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

**Plaintiff's Statement:** This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions because this case is brought under the False Claims Act, 31 U.S.C. § 3730(h).

**Defendant's Statement:** Defendant states that subject matter jurisdiction is present pursuant to 28 U.S.C. § 1331, as Plaintiff's sole cause of action arises under federal law. Defendant states that both parties are citizens of New York and that plaintiff purports the amount in controversy to exceed the sum of $75,000.

**IV.** **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.**

**Plaintiff's Summary:**

Plaintiff's Statement: Plaintiff's claim for retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) is to be tried. Plaintiff submits that the evidentiary record shows that Plaintiff engaged in one or more acts protected by the FCA, that Defendant was aware Plaintiff, who was an employee of Defendant, engaged in one or more acts protected by the FCA, and that Defendant retaliated against Plaintiff for her engagement in one or more acts protected by the FCA.

Plaintiff has previously asserted the following claims, which are not to be tried: retaliation in violation of the New York Labor Law's Healthcare Whistleblower's Protection Act, New York Labor Law § 741 ("NYLL § 741"); sexual orientation discrimination in violation of the New York State Human Rights Law, Executive Law § 296, et seq. ("NYSHRL"); sexual orientation discrimination in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq. ("NYCHRL"); Defamation; and Defamation Per Se pursuant to New York State law.

**Defendant's Summary:**

The sole remaining cause of action to be tried in this matter is Plaintiff's claim of unlawful retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730. NYU respectfully submits that the evidentiary record precludes Plaintiff from meeting her FCA evidentiary burden because: (i) Plaintiff did not engage in a qualifying protected activity required by the FCA (31 U.S.C. § 3730(h)(1)); (ii) there was no retaliatory nexus between Plaintiff's alleged protected activity and NYU's employment actions (31 U.S.C. § 3730(h)(1)); and, (iii) all employment actions taken by NYU were for legitimate, non-discriminatory reasons, *i.e.*, Plaintiff's threatening and unprofessional conduct substantiated by the testimony of multiple co-workers.

Via Order dated November 12, 2015, this Honorable Court dismissed Plaintiff's: (i) New York Labor Law ("NYLL") § 741 retaliation claim because Plaintiff failed to plead that she rendered medical treatment sufficient to qualify as a § 741 healthcare provider; (ii) New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL") sexual orientation discrimination claim because Plaintiff failed to plead severe or pervasive conduct sufficient to create a qualifying hostile work environment; and, (iii) NYSHRL and New York City Human Rights law, N.Y.C. Admin. Code § 8-107 ("NYCHRL") aiding and abetting claims because the alleged discriminator cannot aid and abet her own alleged discriminatory actions.

Via Order dated October 5, 2017, this Honorable Court dismissed plaintiff's NYCHRL discrimination claim because Plaintiff failed to meet her evidentiary burden to prove that she was treated less well because of her sexual orientation.

**V.     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

**Plaintiff's Position:** This matter is to be tried with a jury. Plaintiff anticipates requiring three (3) to five (5) days at trial.

**Defendant's Position:** NYU does not oppose Plaintiff's request for a jury trial and anticipates that five trial days will be needed.

**VI.    A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The parties do not consent to a trial of the case by a Magistrate Judge.

**VII.   Any stipulations or agreed statements of fact or law that have been agreed to by all parties.**

Stipulated Facts

1.  Plaintiff was employed by NYU through its administrative unit, the NYU School of Medicine (the "School"), as its Director of Research Administration ("Department Director") for the Radiation Oncology Department ("Department") from June 20, 2011 through October 8, 2013.

2.  In 2011, Plaintiff applied for the Department Director position and interviewed with Dr. Silvia Formenti.

3.  Dr. Formenti hired Plaintiff for the Department Director position on June 20, 2011.

4.  Dr. Formenti held the title of Department Chairperson and was Plaintiff's supervisor throughout her employment tenure at NYU.

5.  Plaintiff's duties required her to work with other persons including Maria Fenton-Kerimian from the NYU Department of Nursing, and Sheila Pope, the Department's Supervisor of Billing Operations and later the Department's Administrator.

Stipulated Law

1.  "To state a claim for retaliation under the FCA, plaintiff must plead that '[i] the employee engaged in conduct protected under the FCA; [ii] the employer knew that the employee was engaged in such conduct; and [iii] the employer discharged, discriminated against or otherwise retaliated against the employee because of the protected conduct.'" *Garcia v. Aspira of New York, Inc.*, 2011 U.S. Dist. LEXIS 41708 (S.D.N.Y. Apr. 13, 2011); *Grant v. Abbot House*, 2016 U.S. Dist. LEXIS 21195 (S.D.N.Y. Feb. 22, 2016); *see also* 31 U.S.C. §3730(h).

2.  The FCA, as amended by Congress in 2009, protects against two types of conduct: (1) lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under the FCA; and (2) other efforts to stop one or more violations of the FCA. Fraud Enforcement and Recovery Act of 2009 (FERA) Pub. L. 111-21, May 20, 2009, 123 Stat 1617, 1624-26.

3.  The False Claims Act, as amended by the 2009 FERA Amendments, provides:

    > Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

    > 31 U.S.C. § 3730(h).

4.  At all times relevant to this Complaint Plaintiff was an "employee, contractor, or agent" of Defendant within the meaning of the False Claims Act, 31 U.S.C. § 3730(h).

5.  Under the FCA, "a retaliation claim can be stated so long as the employee was engaged in efforts to stop an FCA violation, even if the employee's actions were not necessarily in furtherance of an FCA claim." *Malanga v. NYU Langone Med. Ctr.*, No. 14-cv-9681, 2015 U.S. Dist. LEXIS 153304, at *5 (S.D.N.Y. Nov. 12, 2015).

6.  "[A]n employee's activities may be protected even where an FCA suit has not been filed." *Faldetta v. Lockheed Martin Corp*., 2000 WL 1682759, at \*12 (S.D.N.Y. Nov. 9, 2000).

**VIII.  A list by each party as to the witnesses whose testimony is to be offered in its case-in-chief, including expert witnesses, and a statement indicating whether the witnesses will testify in person or by deposition.  No witness not listed may be called at trial on either party's case-in-chief absent good cause.**

**Plaintiff's Witnesses:** Plaintiff reserves the right to call some or all of the following witnesses during her case-in chief:

1.  Michelle Malanga, who will testify in person.

2.  Dr. Silvia Formenti, who will testify in person.

3.  Derek Forte, who will testify in person.

**Defendant's Witnesses:** Defendant reserves the right to call some or all of the following witnesses during its case-in-chief:

1.  Plaintiff, Michelle Malanga, who will testify in person.

2.  Silvia Formenti, M.D., who will testify in person.

3.  Sheila Pope, who will testify in person.

4.  Maria Fenton-Kerimian, who will testify in person.

5.  Martin Donach, M.D., who will testify in person.

6.  Barbara Pietrzyk-Busto, who will testify in person.

7.  Derek Forte, who will testify in person.

8.  Chiara Magnolfi-Bozzi, M.D., who will testify in person.

9.  Nicole Delts, who will testify in person.

10. Nancy Sanchez, who will testify in person.

11. Shaquanda Lippman, who will testify in person.

**IX.  A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party.**

**Plaintiff's Designations:** Plaintiff anticipates all witnesses to testify in person. In the event that one or more witnesses are unable to testify in person, Plaintiff reserves the right to offer all or some of the following deposition testimony as Exhibits at trial in its case-in-chief:

1. March 23, 2017 deposition of Michelle Malanga. *

2. March 28, 2017 deposition of Maria Fenton-Kerimian.*

3. March 29, 2017 deposition of Silvia Formenti, M.D. *

4. April 12, 2017 deposition of Derek Forte. *

\* NYU reserves its right to object to any portions of the deposition transcripts that Plaintiff may introduce at trial once Plaintiff identifies specific pages.

**Defendant's Designations:**  NYU reserves the right to offer all or some of the following deposition testimony as Exhibits at trial in its case-in-chief l:

1. March 23, 2017 deposition of Michelle Malanga.*

2. March 28, 2017 deposition of Maria Fenton-Kerimian.*

3. March 29, 2017 deposition of Silvia Formenti, M.D.*

4. April 12, 2017 deposition of Derek Forte.*

\* Plaintiff reserves her right to object to any portions of the deposition transcripts that Defendant may introduce at trial once Defendant identifies specific pages.

**X.    A list by each party of exhibits to be offered in its case-in-chief and any objections by the adverse party.**

**Plaintiff's Exhibits:**

| Exh. | *DESCRIPTION* | Objection |
|---|---|---|
| 1 | Plaintiff's Second Amended Complaint | |
| 2 | Pope Performance Evaluation (D398-431) | |
| 3 | Email from Forte to Delts with Forte Initial Investigative Report (D1-4), *subject to redaction* | |
| 4 | Corrected Lab Tickets (D25-47) | |
| 5 | Emails Regarding Corrected Lab Tickets (D2011-2013) | |
| 6 | Donach Investigation Notes (D144-146), *subject to redaction* | |
| 7 | Peitrzyk-Busto Investigation Notes (D147), *subject to redaction* | |
| 8 | Formenti Investigation Notes (D148-153), *subject to redaction* | |
| 9 | Malanga Investigation Notes (D9390-9392), *subject to redaction* | |
| 10 | Plaintiff's 2012 Performance Evaluation (D105-119) | |
| 11 | Plaintiff's 2011 Performance Evaluation (D120-134) | |
| 12 | Forte Final Investigative Report (D14-16), *subject to redaction* | |
| 13 | Sanchez Email (D85-86) | |
| 14 | Taveras / Plaintiff Emails  (D197-225) | |

| Exh. | *DESCRIPTION* | Objection |
|------|---------------|-----------|
| 15 | Plaintiff/Forte Emails (D226) | |
| 16 | Plaintiff / Brody Emails (D2873-2874) | |
| 17 | Ambros Exit Interview (D271-272) | |
| 18 | Emails Related to Hurricane Sandy Efforts (P60-63) | FRE 401, 402, 403, 801 |
| 19 | Transcript of March 23, 2017 deposition of Michelle Malanga | FRE 401, 402, 403, 801 |
| 20 | Transcript of March 28, 2017 deposition of Maria Fenton-Kerimian | FRE 401, 402, 403, 801 |
| 21 | Transcript of March 29, 2017 deposition of Silvia Formenti, M.D. | FRE 401, 402, 403, 801 |
| 22 | Transcript of April 12, 2017 deposition of Derek Forte | FRE 401, 402, 403, 801 |
| 23 | NYU Offer Letter (P32) | FRE 401, 402, 403, 801, 901 |
| 24 | 2013 W2 (P28) | FRE 901 |
| 25 | 2014 W2 (P29) | FRE 901 |
| 26 | 2015 W2 (P30-31) | FRE 901 |
| 27 | Job Search Records (P76-295) | FRE 401, 402, 403, 801, 901 |
| 28 | Columbia Offer Packet (P33-37) | FRE 401, 402, 403, 801, 901 |
| 29 | Columbia Benefits Packets (P419-516) | FRE 401, 402, 403, 801, 901 |
| 30 | Emails (D301-347) | |
| 31 | Emails (D519-521) | |
| 32 | Emails (D572-577) | |
| 33 | Emails (D1265-1272) | |
| 34 | Emails (D1423-1425) | |
| 35 | Emails (D1866-1868) | |
| 36 | Emails (D2866-2869) | |
| 37 | Emails (D8060-8103) | |
| 38 | Emails (D9215-9223) | |
| 39 | Emails regarding Liebs salary (D55-63) | |
| 40 | Emails regarding Alert/posting (D80-81) | |
| 41 | Termination confirmation (D82-84) | |
| 42 | Emails regarding incentives program (D99-103) | |
| 43 | Emails regarding Formenti complaint (D137-139, 142-143) | |
| 44 | Email from Delts to Formenti (D251) | |
| 45 | Formenti Notes (D252-253) | |
| 46 | Letter to Dr. Grossman (D276) | |

Plaintiff reserves her rights to use any exhibits identified by Defendant as part of her case-in-chief.

\* NYU reserves its right to object to any portions of the deposition transcripts that Plaintiff may introduce at trial once Plaintiff identifies specific pages.

**Defendant's Exhibits:** NYU reserves the right to offer all or some of the following Exhibits during its case-in-chief, and reserves the right to utilize any and all exhibits proffered by Plaintiff in its case-in-chief, as well as any additional exhibits exchanged during discovery for rebuttal purposes.

| Exh. | DESCRIPTION | Objection |
|---|---|---|
| A | Second Amended Complaint | |
| B | Answer to Second Amended Complaint | Never Filed |
| C | First Amended Complaint | FRE 401, 402, 403 |
| D | Answer to First Amended Complaint | FRE 401, 402, 403 |
| E | Original Complaint | FRE 401, 402, 403 |
| F | Administrative Director Job Description (D157-159, 1990-1994) | FRE 801 |
| G | Plaintiff's Resume (Bates Stamp D167-170) | FRE 801, 401, 402, 403 |
| H | Emails Where Plaintiff References Billing Duties (D277-388, 479-483, 519-525, 572-577, 600-610, 629-631, 1126-1128, 1260-1262, 1265-1272, 1325-1423-1425, 1436-1439, 1443-1452, 1617-1629, 1781-1812, 1815-1827, 1840-1845, 1866-1868, 1887-1888, 1937-1939, 2216-2223, 2350-2351, 2866-2869, 2997-2999, 3589-3590, 3632-3637, 6448-6451, 6543-6549, 7111-7112, 7554-7555, 8060-8065, 8098-8103, 8165-8166, 8221-8222, 8441-8445, 8888-8893, 8959-8962, 8971-8977, 9064-9075, 9083-9088, 9211-9223, 9313-9315, 9318-9319, 9359-9363) | FRE 401, 402, 403\* |
| I | Derek Forte's Initial Investigative Report (D2-4) | FRE 403, 801 |
| J | Derek Forte's Final Investigative Report (D14-16) | FRE 403, 801 |
| K | Corrected Lab Tickets (D25-47) | |
| L | Emails Regarding Corrected Lab Tickets (D2011-2013) | |
| M | Derek Forte's Investigation Notes Regarding Interview of Dr. Martin Donach (D144-146) | FRE 401, 402, 403, 801 |
| N | Derek Forte's Investigation Notes Regarding Interview of Barbara Peitrzyk-Busto (D147) | FRE 401, 402, 403, 801 |
| O | Derek Forte's Investigation Notes Regarding Interview of Dr. Silvia Formenti's (D148-153) | FRE 401, 402, 403, 801 |
| P | Derek Forte's Investigation Notes (D9390-9392) | FRE 401, 402, 403, 801 |
| Q | Corrective Action Email (D104) | |
| R | Plaintiff's 2012 Performance Evaluation (D105-119) | |
| S | Emails between Nancy Sanchez and Nicole Delts, re: Decision to Terminate Plaintiff (D85-86) | |
| T | Email from Nicole Delts to Dr. Formenti, re: Confirmation of Plaintiff's Termination (D87) | |
| U | NYU Langone Medical Center's Non-Intimidation / Non-Retaliation Policy (D173-175) | |

| | | |
|---|---|---|
| V | NYU Langone Medical Center's Workplace Conduct Policy (D3148-3149) | |
| W | This Honorable Court's October 5, 2017, Opinion & Order | FRE 401, 402, 403 |
| X | This Honorable Court's November 12, 2015, Memorandum & Order | FRE 401, 402, 403 |
| Y | Transcript of March 23, 2017 deposition of Michelle Malanga | FRE 401, 402, 403, 801** |
| Z | Transcript of March 28, 2017 deposition of Maria Fenton-Kerimian | FRE 401, 402, 403, 801** |
| AA | Transcript of March 29, 2017 deposition of Silvia Formenti, M.D. | FRE 401, 402, 403, 801** |
| BB | Transcript of April 12, 2017 deposition of Derek Forte | FRE 401, 402, 403, 801** |
| CC | July 7, 2017 Affidavit of Dr. Chiara Magnolfi-Bozzi | FRE 401, 402, 403, 801 |
| DD | July 7, 2017 Declaration of Shaquanda Lippman | FRE 401, 402, 403, 801 |
| EE | July 7, 2017 Affidavit of Martin Donach | FRE 401, 402, 403, 801 |
| FF | July 7, 2017 Affidavit of Sheila Pope | FRE 401, 402, 403, 801 |

\* Plaintiff reserves her right to object to any of these documents that Defendant may introduce at trial once Defendant identifies specific emails pursuant to FRE 401, 402, and 403.

\*\* Plaintiff reserves her right to object to any portions of the deposition transcripts that Defendant may introduce at trial once Defendant identifies specific pages pursuant to FRE 401, 402, 403, and 801.

Dated: Park Ridge, New Jersey
      November 10, 2017

New York, New York
November 10, 2017

      **Krakower DiChiara LLC**
      Attorneys for Plaintiff

      **Wilson Elser Moskowitz**
      **Edelman & Dicker LLP**
      Attorneys for New York University

By:     / s/ Todd Krakower _____
      Todd Krakower
      Michael DiChiara
      Erika Minerowicz
      One Depot Square
      77 Market Street, Suite 2
      Park Ridge, New Jersey 07656
      Ph: (201) 746-6334
      Fx: (347) 765-1600
      tk@kdlawllc.com
      md@kdlawllc.com
      em@kdlawllc.com

By: _____
      Ricki E. Roer
      Irving Hirsch
      William F. Cusack
      Justin A. Guilfoyle
      150 East 42nd Street
      New York, New York 10017
      Ph: (212) 490-3000
      Fx: (212) 490-3038
      *Ricki.Roer@wilsonelser.com*
      *Irving Hirsch@wilsonelser.com*
      *William.Cusack@wilsonelser.com*
      *Justin.Guilfoyle@wilsonelser.com*