UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHELLE MALANGA,

       Plaintiff,

   - against -

NEW YORK UNIVERSITY,

       Defendant.
-------------------------------------------------------x

Docket No.
14-cv-9681(WHP)

**PROPOSED JOINT
<u>REQUESTS TO CHARGE</u>**

   Defendant New York University and plaintiff Michelle Malanga by their attorneys, respectfully submit this Joint Proposed Requests to Charge pursuant to Your Honor's Individual Rule VI.B.i.

8664021v.7

## <u>PROPOSED INSTRUCTION NO. 1</u>

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

3

8664021v.7

## PROPOSED INSTRUCTION NO. 2

### All Litigants Equal Before the Law

In this case, the defendant is an institution of higher education. All parties are equal before the law. An institution of higher education is entitled to the same fair consideration that you would give any individual person.

8664021v.7

## PROPOSED INSTRUCTION NO. 3

**Evidence**

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

8664021v.7

## PROPOSED INSTRUCTION NO. 4

### What Is Not Evidence

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, internet, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

8664021v.7

## PROPOSED INSTRUCTION NO. 5

**Note Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

7

## PROPOSED INSTRUCTION NO. 6

### Consideration Of All Evidence Regardless Of Who Produced It

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

8

## PROPOSED INSTRUCTION NO. 7

**Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

9

## PROPOSED INSTRUCTION NO. 8

### Weighing The Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference". A jury is allowed to make reasonable inferences. Any inference you may make must be reasonable and must be based on the evidence in the case.

10

## PROPOSED INSTRUCTION NO. 9

### Direct And Circumstantial Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence".  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly process a fact.  You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

11

## PROPOSED INSTRUCTION NO. 10

**Testimony Of Witnesses – Deciding What To Believe**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

12

**PROPOSED INSTRUCTION NO. 11**

**Prior Inconsistent Statements Or Acts**

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## PROPOSED INSTRUCTION NO. 12

### Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.

8664021v.7

**PROPOSED INSTRUCTION NO. 13**

**Number Of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

15

## PROPOSED INSTRUCTION NO. 14

**Absence Of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

8664021v.7

## <u>PROPOSED INSTRUCTION NO. 15</u>

**<u>Burden Of Proof</u>**

When I say a particular party must prove something by a "preponderance of the evidence", or when I use the expression "if you find" or "if you decide", this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## PROPOSED INSTRUCTION NO. 16

**Selection Of Presiding Juror**

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict forms have been prepared for you.

Take the Verdict Form to the jury room and complete it as directed therein.

8664021v.7

## PROPOSED INSTRUCTION NO. 17

### Disagreement Among Jurors

The verdicts must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give a fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Remember at all times you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## PROPOSED INSTRUCTION NO. 18

Ms. Malanga claims that New York University retaliated against her and terminated her in violation of the anti-retaliation provisions of the False Claims Act.  New York University denies this claim and asserts that Ms. Malanga was terminated for legitimate, non-discriminatory reasons.

In this case the parties have agreed to be bound by certain facts. This is called a stipulation. A stipulation is an agreement between the parties concerning some fact, which you as the jury are bound to accept as fact during your deliberations.

1. The parties stipulate that Plaintiff was employed by NYU through its administrative unit, the NYU School of Medicine (the "School"), as its Director of Research Administration ("Department Director") for the Radiation Oncology Department ("Department") from June 20, 2011 through October 8, 2013.

2. The parties stipulate that in 2011, Plaintiff applied for the Department Director position and interviewed with Dr. Silvia Formenti.

3. The parties stipulate that Dr. Formenti hired Plaintiff for the Department Director position on June 20, 2011.

4. The parties stipulate that Dr. Formenti held the title of Department Chairperson and was Plaintiff's supervisor throughout her employment tenure at NYU.

5. The parties stipulate that Plaintiff's duties required her to work with other persons including Maria Fenton-Kerimian from the NYU Department of Nursing, and Sheila Pope, the Department's Supervisor of Billing Operations and later the Department's Administrator.

## PROPOSED INSTRUCTION NO. 19

The False Claims Act is a federal law designed to discourage false claims against the United States government. Its central purpose is to prevent any person from presenting a false claim for payment to the United States government. The False Claims forbids individuals or corporations from:

1. Knowingly presenting a false or fraudulent claim to the United States government for payment or approval; and

2. Knowingly using a false record or statement material to a false or fraudulent claim against to United States government.

**PLAINTIFF PROPOSAL:** The purpose of the anti-retaliation provision of the False Claims Act is to promote enforcement of the Act by assuring those who may be considering exposing potential false claims to the United States that they are legally protected from retaliatory acts.

**DEFENDANT PROPOSAL:** The retaliation section of the False Claims Act prohibits an employer from retaliating against an employee for investigating or reporting to the government violations of the False Claims Act.

21

## PROPOSED INSTRUCTION NO. 20

Ms. Malanga's only claim is that she was terminated in retaliation for activity that was protected under the False Claims Act.  In order to prevail on this claim, Ms. Malanga must prove each of the following elements by a preponderance of the evidence:

1.  She engaged in activity protected under the False Claims Act;

2.  New York University knew that she engaged in the protected activity; and

3.  New York University retaliated against Ms. Malanga because she engaged in this protected activity.


**DEFENDANT PROPOSAL:** A person is retaliated against when they are subjected to an adverse employment action.  An adverse employment action is "because of" her protected activity if the adverse employment action would not have occurred but for that participation.  If you find that the plaintiff has not proven any of the above three (3) elements by a preponderance of the evidence, then you must find for New York University.


**PLAINTIFF PROPOSAL:** If you find that Ms. Malanga has proven that she was retaliated against, at least in part, for engaging in protected conduct under the False Claims Act, you should find in favor of Ms. Malanga.

## PROPOSED INSTRUCTION NO. 21

The first element Ms. Malanga must prove is that she engaged in activity protected by the False Claims Act.  To prevail, Ms. Malanga must prove by a preponderance of the evidence:

1. She engaged in lawful acts in furtherance of the False Claims Act or that she made efforts to stop one of more violations of the False Claims Act;

2. She had a good faith belief that New York University was committing, or would have committed, fraud against the United States government; and

3. A reasonable employee in the same or similar circumstances might believe that New York University was committing, or would have committed, fraud against the United States government.

Conduct constituting "fraud against the United States government" includes, but is not limited to: (i) knowingly overcharging the government under a contract by submitting claims for costs not incurred; (ii) a bidder's false cost estimates in seeking a federal contract, including fraudulent underbidding in which the bid is not what the bidder actually intends to charge; and (iii) misrepresenting the capability to perform the contract in order to induce the government to enter into the contract.

Ms. Malanga need not prove that a fraud against the United States government has actually occurred or that she was aware of the False Claims Act, so long as she had a reasonable good faith belief that there was a possible fraud as defined herein.

23

## PROPOSED INSTRUCTION NO. 22

The second element Ms. Malanga must prove by a preponderance of the evidence to prevail on her claim is that New York University had knowledge of the protected activity that she was engaged in at the time of her termination.

8664021v.7

## PROPOSED INSTRUCTION NO. 23

**DEFENDANT PROPOSAL:** The third element that the plaintiff must prove by a preponderance of the evidence is that New York University terminated the plaintiff's employment action because of her protected activity.

The plaintiff must prove that "but for" her engaging in protected activity, she would not have been terminated.

If you find that New York University would have terminated the plaintiff's employment whether or not she engaged in a protected activity, then you must find for New York University.

**PLAINTIFF PROPOSAL:** A claim of retaliation under the False Claims Act requires that an employee show that the Defendant's decision to take the adverse action is motivated, at least in part, by the employee having engaged in protected activity. Under the False Claims Act, unlawful retaliation includes being: discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment.

8664021v.7

## PROPOSED INSTRUCTION NO. 24

**PLAINTIFF'S PROPOSAL:**   If you find that New York University retaliated against Ms. Malanga because she engaged in protected activity under the False Claims Act, then it is New York University's burden to prove that it would have taken the same adverse action regardless of Ms. Malanga's involvement in protected activity.

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSAL:**   The proposed language utilizes an improper "mixed motive" burden of proof and requires the jury to issue a dispositive finding of retaliation without applying the requisite "but-for" causation analysis.   New York University fully addresses this issue in its Pre-Trial Memorandum.

8664021v.7

## PROPOSED INSTRUCTION NO. 25

**Damages**

If you find in favor of Ms. Malanga, then you must determine the amount of money that will fairly compensate Ms. Malanga for any injury that you find she sustained as a direct result of the defendant's conduct.  These are called "compensatory damages".

Ms. Malanga must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.   This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of damages:

**DEFENDANT'S PROPOSAL:**

1. Any lost wages and benefits the plaintiff would have received from the defendant if she had continued to be employed by the defendant, minus the earnings and benefits that the plaintiff received from other employment.  It is the plaintiff's burden to prove that she lost wages and benefits and their amount.  If she fails to do so for any period of time for which she seeks damages, then you may not award damages for that time period.

**PLAINTIFF'S PROPOSAL:**

1. Two times the amount of lost wages and benefits Ms. Malanga would have received from the defendant if she had continued to be employed by the defendant. This amount is calculated by determining the amount of back pay she would have earned had she remained employed at Defendant NYU, subtracting from that amount any wages actually earned by Ms. Malanga after her termination from NYU, and then doubling that amount.

   It is Plaintiff's position that this language is consistent with the statutory language and is further briefed in Plaintiff's trial memorandum.

2. The physical and mental/emotional pain and suffering that Ms. Malanga has experienced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Ms. Malanga for the injuries she has sustained and proven. To prove emotional distress, medical or other expert evidence is not required. Ms. Malanga's own testimony and the factual circumstances that Ms. Malanga presents to you can suffice to sustain Ms. Malanga's burden in this regard. If you find that Ms. Malanga has suffered emotional distress as a direct result of Defendant's retaliation you are

instructed to award Ms. Malanga monetary relief sufficient to compensate her for the emotional distress that she has suffered and proven.

3. If you find that Defendant wrongfully retaliated against Ms. Malanga in violation of the False Claims Act, she may recover front pay.

4. If you find that Defendant wrongfully retaliated against Ms. Malanga in violation of the False Claims Act, she may recover prejudgment interest, calculated from the date of her termination to the present.

Dated: Park Ridge, New Jersey                       New York, New York
December 15, 2017                                    December 15, 2017

**Krakower DiChiara LLC**                           **Wilson Elser Moskowitz**
Attorneys for Plaintiff                             **Edelman & Dicker LLP**
                                                    **Attorneys for New York University**

By:    __s/ Todd Krakower__ _____       By:    __s/ William Cusack_____
Todd Krakower                                       Irving Hirsch
Michael DiChiara                                    William F. Cusack
Erika Minerowicz                                    Justin A. Guilfoyle
One Depot Square                                    150 East 42nd Street
77 Market Street, Suite 2                           New York, New York 10017
Park Ridge, New Jersey 07656                        Ph: (212) 490-3000
Ph: (201) 746-6334                                  Fx: (212) 490-3038
Fx: (347) 765-1600                                  *Irving Hirsch@wilsonelser.com*
*tk@kdlawllc.com*                                   *William.Cusack@wilsonelser.com*
*md@kdlawllc.com*                                   *Justin.Guilfoyle@wilsonelser.com*
*em@kdlawllc.com*